*73 OPINION.
Littleton:
The proper allowance for the exhaustion, wear and tear and obsolescence of property is a question of fact in each case. The evidence submitted on this point consists of the testimony of numerous witnesses well qualified to state all the facts and to express an opinion on the subject of the useful life of petitioner’s property. The record evidence is in detail and goes into every phase of the question of exhaustion, wear and tear, and obsolescence of petitioner’s buildings, machinery, tools, and foundry equipment and is in no wise contradicted. In our opinion, the evidence fully justifies the claim that a deduction for exhaustion, wear and tear, and obsolescence of buildings during the taxable year at a composite rate of 5 per cent per annum, and for the exhaustion, wear and tear and obsolescence of machinery, tools, and foundry equipment at the rate of 10 per cent per annum, is conservative and should be allowed.
*74 The next question relates to the correctness of the Commissioner’s action in reducing the amount of current earnings found to have been available for the payment of a dividend by the amount of tentative tax computed thereon to such dividend date. The Board has held that current earnings available for the payment of a dividend should not be reduced by the amount of a tentative tax computed thereon. Appeal of L. S. Ayers & Co., 1 B. T. A. 1135. We find no reason for changing the decision reached in that appeal.
The next point in controversy concerns the correctness of the Commissioner’s determination of the amount of current earnings available for the payment of dividends on March 15, 1920.
The petitioner’s plants were operated overtime and its operations were profitable throughout the year 1920. The return for 1920 showed a gross income of $1,134,440.95, and a net income of $666,542.02, upon which it paid a tax of $196,495.53. On March 15, 1920, it declared and paid a dividend of $108,975. On September 8, 1920, the corporation sold certain Liberty bonds purchased in a prior year, at a loss of $53,202.71. When auditing the return for 1920 the Commissioner, after determining the net income for the year by the allowance of the loss of $53,202.71 on the sale of Liberty bonds on September 8, 1920, and through certain other adjustments took 74/366 thereof, and after computing a tentative tax thereon from January 1 to March 15, 1920, subtracted the amount so determined as earnings for the period available for the payment of the dividend, from the amount thereof, and reduced earned surplus by the difference. The petitioner claims that the Commissioner fell into error when he failed to take into consideration in his computation the fact that the loss of $53,202.71 occurred six months after the payment of the dividend and should not have operated to reduce the current earnings available on March 15, 1920.
The petitioner does not claim that the Commissioner’s formula for determining the amount of earnings available on any given date was erroneous, but it insists that, under the facts of this case, the amount of the available earnings on March 15, 1920, determined by the method of allocating to the period from January 1 to March 15, the proportion of the earnings for the entire year as the number of days to the date of the dividend (which in this case was 74/366) was to the whole year, should have been increased by the amount of $53,202.71.
Subsection (e) of section 201 of the Revenue Act of 1918 provides as follows:
Any distribution made during the first sixty days of any taxable year «hail be deemed to have been made from earnings or profits accumulated during preceding taxable years; but any distribution made during the remainder of the taxable year shall be deemed to have been made from earnings or profits *75 accumulated between the close of tbe preceding taxable year and the date of distribution, to the extent of such earnings or profits, and if the books of the corporation do not show the amount of such earnings or profits, the earnings or profits for the accounting period within which the distribution was made shall be deemed to have been accumulated ratably during such period.
We construe the above provision of the statute to contemplate that the extent to which earnings are available for distribution, after the first sixty days, shall be determined in one of two ways. If the books of account clearly show the earnings between the close of the preceding taxable year and the date of distribution, such earnings are deemed to have been available for the distribution. ■ On the other hand, if the books of account do not show the earnings to the distribution date, the earnings for the taxable year in which the distribution is made are deemed to have been accumulated ratably during the year, and the earnings available at any distribution date are deemed to have been that proportion of the earnings of the taxable year which the period of time between the close of the preceding taxable year and the distribution date bears to the whole period of time constituting the taxable year. If the second or alternative method must be used to ascertain the earnings available for distribution at any given date, the statute contemplates that the earnings shall be deemed to have been accumulated ratably over the taxable year, without regard to particular events which may be singled out and shown to have affected the earnings before or after the distribution date. In other words, if the method is to be used, it must be used in its entirety and not partially. Congress must have realized the endless and hopeless confusion and disputes which would arise if, in those cases in which the books do not show the earnings to the distribution date, the earnings available for distribution were to be determined upon any other theory than that the earnings of the year in which the distribution was made were accumulated ratably over the year. The theory advanced by petitioner is neither the one nor the other of the two tests prescribed by the statute, but, rather, a mixture of both; and the fact that it can be applied only just so far as the petitioner chooses to do so is sufficient ground for its rejection.
It is therefore the duty of the petitioner to show the earnings to the date of distribution. If it fails in this regard, the earnings available at any distribution date must be determined by spreading the earnings of the taxable year ratably over the year, without regard to the particular time at which they may have been earned during the taxable year or to their so'urce of derivation.
Certain other issues were raised in the pleadings but were disposed of by stipulation or abandoned by the petitioner at the hearing.
Judgment will be entered on 15 days' notice, umder Rule 60.